FILED

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Plaintiff

2009 MAR 16  PM 12: 21

CLERK. U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SANTULAN,<br><br>Plaintiff,<br><br>v.<br><br>BRACHFELD AND ASSOCIATES<br><br>Defendants. | CV 09 CASE No.:- 01786 PA PLAx<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

COPY

1  to insure that those debt collectors who refrain from using abusive debt
2  collection practices are not competitively disadvantaged, and to promote
3  consistent State action to protect consumers against debt collection abuses.

4  2.  The California legislature has determined that the banking and credit system
5  and grantors of credit to consumers are dependent upon the collection of just
6  and owing debts and that unfair or deceptive collection practices undermine
7  the public confidence that is essential to the continued functioning of the
8  banking and credit system and sound extensions of credit to consumers. The
9  Legislature has further determined that there is a need to ensure that debt
10  collectors exercise this responsibility with fairness, honesty and due regard
11  for the debtor's rights and that debt collectors must be prohibited from
12  engaging in unfair or deceptive acts or practices.

13  3.  Jennifer Santulan, (Plaintiff), through Plaintiff's attorneys, brings this action
14  to challenge the actions of Brachfeld and Associates, ("Defendants"), with
15  regard to attempts by Defendants to unlawfully and abusively collect a debt
16  allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

17  4.  Plaintiff makes these allegations on information and belief, with the exception
18  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
19  Plaintiff alleges on personal knowledge.

20  5.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants
21  were knowing and intentional, and that Defendants did not maintain
22  procedures reasonably adapted to avoid any such violation.

23  **JURISDICTION AND VENUE**

24  6.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
25  1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

26  7.  This action arises out of Defendants' violations of the Fair Debt Collection
27  Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair

28

HYDE & SWIGART
San Diego, California

Complaint                                    - 2 of 7 -

1   Debt Collection Practices Act, California Civil Code §§ 1788-1788.32
2   ("RFDCPA").

3   8.   Because Defendants do business within the State of California, personal
4   jurisdiction is established.

5   9.   Venue is proper pursuant to 28 U.S.C. § 1391(c).

6   **PARTIES**

7   10.   Plaintiff is a natural person who resides in the City of Northridge, County of
8   Los Angeles , State of California.

9   11.   Defendants are located in the City of Torrance, the County of Los Angeles,
10   and the State of California.

11   12.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer"
12   as that term is defined by 15 U.S.C. § 1692a(3).

13   13.   Defendants are persons who use an instrumentality of interstate commerce or
14   the mails in a business the principal purpose of which is the collection of
15   debts, or who regularly collect or attempt to collect, directly or indirectly,
16   debts owed or due or asserted to be owed or due another and are therefore
17   debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

18   14.   Plaintiff is a natural person from whom a debt collector sought to collect a
19   consumer debt which was due and owing or alleged to be due and owing from
20   Plaintiff, and is a "debtor" as that term is defined by California Civil Code §
21   1788.2(h).

22   15.   Defendants, in the ordinary course of business, regularly, on behalf of
23   themselves, or others, engage in debt collection as that term is defined by
24   California Civil Code § 1788.2(b), are therefore debt collectors as that term is
25   defined by California Civil Code § 1788.2(c).

26   16.   This case involves money, property or their equivalent, due or owing or
27   alleged to be due or owing from a natural person by reason of a consumer

28

HYDE & SWIGART
San Diego, California

Complaint                         - 3 of 7 -

1  credit transaction.  As such, this action arises out of a consumer debt and
2  "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

3                          FACTUAL ALLEGATIONS

4  17. At all times relevant to this matter, Plaintiff was an individual residing within
5      the State of California.

6  18. At all times relevant, Defendants conducted business within the State of
7      California.

8  19. Sometime before February 5, 2009, Plaintiff is alleged to have incurred
9      certain financial obligations.

10 20. These financial obligations were primarily for personal, family or household
11     purposes and are therefore a "debt" as that term is defined by 15 U.S.C.
12     §1692a(5).

13 21. These alleged obligations were money, property, or their equivalent, which is
14     due or owing, or alleged to be due or owing, from a natural person to another
15     person and are therefore a "debt" as that term is defined by California Civil
16     Code §1788.2(d), and a "consumer debt" as that term is defined by California
17     Civil Code §1788.2(f).

18 22. Sometime thereafter, but before February 5, 2009, Plaintiff allegedly fell
19     behind in the payments allegedly owed on the alleged debt.  Plaintiff currently
20     takes no position as to the validity of this alleged debt.

21 23. Subsequently, but before February 5, 2009, the alleged debt was assigned,
22     placed, or otherwise transferred, to Defendants for collection.

23 24. On or about February 5, 2009, Defendant served Plaintiff with a Summons
24     and Complaint, via United States Postal Service, for case # RIC 511505 in
25     Superior Court of California County of Riverside.

26 25. This communication to Plaintiff was a "communication" as that term is
27     defined by 15 U.S.C. § 1692a(2).

28

HYDE & SWIGART
San Diego, California

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

27. Defendant brought case # RIC 511505 in Superior Court of California County of Riverside. Plaintiff resides and resided in the county of Los Angeles at the time the alleged debt was incurred. Also Plaintiff signed the contract for the alleged debt in a county other than Riverside.

28. Defendant brought a legal action against Plaintiff unrelated to real property in a judicial district or similar legal entity that is outside of where Plaintiff allegedly signed the contract sued upon and is outside the judicial district or similar legal entity where Plaintiff resided at the commencement of the action. This conduct by Defendant violated 15 U.S.C. § 1692i. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

29. On or around, February 11, 2009, Plaintiff's counsel contacted Defendant and spoke with a Mr. Sullivan. Plaintiff's counsel notified Mr. Sullivan that Plaintiff was represented.

30. Sometime thereafter, on or around, February 26, 2009, Defendant contacted Plaintiff and left a message.

31. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2). Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference

HYDE & SWIGART
San Diego, California

1    in the Rosenthal Fair Debt Collection Practices Act, through California Civil

2    Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

3                                   **CAUSES OF ACTION**

4                                        **COUNT I**

5            **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

6                              **15 U.S.C. §§ 1692 ET SEQ.**

7    32.   Plaintiff incorporates by reference all of the above paragraphs of this

8          Complaint as though fully stated herein.

9    33.   The foregoing acts and omissions constitute numerous and multiple violations

10         of the FDCPA, including but not limited to each and every one of the above-

11         cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

12   34.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to

13         any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

14         an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

15         reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

16         each and every defendant, jointly and severally.

17                                       **COUNT II**

18   **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

19                        **CAL. CIV. CODE §§ 1788-1788.32**

20   35.   Plaintiff incorporates by reference all of the above paragraphs of this

21         Complaint as though fully stated herein.

22   36.   The foregoing acts and omissions constitute numerous and multiple violations

23         of the RFDCPA.

24   37.   As a result of each and every violation of the RFDCPA, Plaintiff is entitled to

25         any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

26         damages for a knowing or willful violation in the amount up to $1,000.00

27         pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and

28

**HYDE & SWIGART**
San Diego, California

1  costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant,
2  jointly and severally.

3                              **PRAYER FOR RELIEF**

4  **WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and
5  Plaintiff be awarded damages from each and every defendant, as follows:

6                                  **COUNT I**

7                **FAIR DEBT COLLECTION PRACTICES ACT**

8                       **15 U.S.C. §§ 1692 ET SEQ.**

9  38.  An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

10 39.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)
11      (2)(A);

12 40.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15
13      U.S.C. § 1692k(a)(3).

14                                 **COUNT II**

15           **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

16                  **CAL. CIV. CODE §§ 1788-1788.32**

17 41.  An award of actual damages pursuant to California Civil Code § 1788.30(a);

18 42.  An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §
19      1788.30(b);

20 43.  An award of costs of litigation and reasonable attorney's fees, pursuant to Cal.
21      Civ. Code § 1788.30(c).

22                              **TRIAL BY JURY**

23 44.  Pursuant to the seventh amendment to the Constitution of the United States of
24      America, Plaintiff is entitled to, and demands, a trial by jury.

25 Date:  _2/20/09_                          **Hyde & Swigart**

26

27                                              By:
28                                              Joshua B. Swigart
                                                Attorneys for the Plaintiff

HYDE & SWIGART
San Diego, California

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Central | District of | California |
|---|---|---|

Jennifer Santulan
Plaintiff

V.

Brachfeld and Associates
Defendants

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

# CV 09 - 01786 PA PLA

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Joshua B. Swigart
Hyde & Swigart
411 Camino Del Rio South, Suite 301,
San Diego, CA 92108
Tel: 619.233.7770

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**TERRY NAFISI**

MAR 16 2009

CLERK

DATE

(By) DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 1786 PA (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.